**August Fank, Appellee, v. Frank R. Crane, Appellant.**

**Gen. No. 15,095.**

1.  INSTRUCTIONS—*when modification as to preponderance of evidence will not reverse. Held*, that the modification consisting in the insertion of the italicized words in the following instruction, while subject to criticism, did not constitute ground for reversal.

"The jury are instructed that the plaintiff must prove his case by a preponderance or greater weight of evidence; therefore, if the evidence in this case *on plaintiff's case* preponderates in favor of the defendant, or if the evidence fails to preponderate in favor of the plaintiff, or if you are unable to say on which side is the greater weight of the evidence, you should find the issues for the defendant."

2.  INSTRUCTIONS—*when, upon fellow-servant doctrine, properly refused. Held*, that the following instruction was properly refused;

that while it was the plaintiff's duty to conduct himself properly towards his fellow-servants, it was not his absolute duty to "work in harmony" with them no matter what their conduct was.

"The court instructs the jury that when a person is employed by another he must, in his intercourse with his employer and those having control of his business and with those doing business with such employer, be obedient to the reasonable commands of his employer and those having control of his business and must work in harmony with his fellow-employes; and a failure in any of these requirements would be good ground for discharging such person before his term of employment expires."

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 2, 1910.

WILLIAM J. STAPLETON, for appellant.

No appearance by appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This action was brought before a justice of the peace to recover damages for a breach of a contract of employment, and was taken to the Superior Court by appeal. In that court plaintiff had judgment for $200 damages and the defendant appealed.

The contention of plaintiff was that he was hired by defendant to manage defendant's farm for a year from May 1, 1905, at $50 a month, and was to have a house to live in and certain other articles, and that he was discharged October 31, without just cause.

The grounds of reversal urged are that the verdict is against the evidence, that the court erred in modifying defendant's instruction 3, and in refusing defendant's instruction 4. The contention of appellant is that the evidence fails to prove the existence of a contract for a year, and that the defendant proved by a preponderance of the evidence that plaintiff was not discharged, but voluntarily left his employment, and that his conduct was such as to justify his discharge.

The evidence is conflicting, but we think that from the

Fank v. Crane, 154 Ill. App. 643.

evidence the jury might properly find that plaintiff was employed for a year; that he did not voluntarily quit his employment, but was discharged by defendant October 31; that his conduct was not such as to justify defendant in discharging him, and therefore that the verdict cannot be said to be against the evidence.

Defendant's instruction 3 as given is as follows:

"The jury are instructed that the plaintiff must prove his case by a preponderance or greater weight of evidence; therefore, if the evidence in this case *on plaintiff's case* preponderates in favor of the defendant, or if the evidence fails to preponderate in favor of the plaintiff, or if you are unable to say on which side is the greater weight of evidence, you should find the issues for the defendant."

As asked the instruction did not contain the words in italics, but they were added by the court.

We think the instruction should have been given as asked, but we think that the meaning of the instruction was not changed or affected by adding the words, "on plaintiff's case", and therefore that the modification of the instruction was not harmful to the defendant.

Refused instruction 4 is as follows:

"The court instructs the jury that when a person is employed by another he must, in his intercourse with his employer and those having control of his business and with those doing business with such employer, be obedient to the reasonable commands of his employer and those having control of his business and must work in harmony with his fellow-employes; and a failure in any of these requirements would be good ground for discharging such person before his term of employment expires."

We think this instruction was properly refused. It was plaintiff's duty to conduct himself properly towards his fellow-employes, but the instruction asked made it his absolute duty to "work in harmony" with them, no matter what their conduct was.

We find no error in the record and the judgment is affirmed.

*Affirmed.*